CULPEPPER, Judge.
This is a suit on a promissory note which was signed by defendant as an accommodation endorser. From an adverse judgment, defendant appeals.
The issue concerns the special defense that the note is void because the plaintiff collected illegal interest, in violation of the small loan statute, LSA-R.S. 6:583, which reads in pertinent part as follows:
“Every licensee may contract for and receive on any loan of money not exceeding three hundred dollars interest at a rate not exceeding three and one-half percent a month on that part of the unpaid principal balance of any loan not in excess of *762 one hundred and fifty dollars and two and one-half percent a month on any remainder of any such unpaid principal balance, provided that after the expiration of a period of twelve months following the last contractual installment date the interest on any balance still unpaid shall not exceed eight percent per year.”
Defendant does not contend that interest exceeding the 3i/j percent or percent a month was collected. His contention is that starting 12 months after the last contractual installment date, the interest collected exceeded 8 percent per year on the unpaid balance. Although no transcript of testimony is in the record, the exhibits therein show the following facts: The note sued on is dated May 31, 1962, for the principal sum of $214, payable in 12 monthly installments of $22 each, including principal and interest. The agreed rate of interest, stated on the face of the note, conforms exactly with the maximum rate allowed under the small loan act, as above quoted.
Plaintiff filed in evidence the records which it kept showing: date of payment; total amount paid; amount credited to principal ; amount credited to interest; and the balance due. As applicable here, these records show:

The last contractual installment date was May 1, 1963, which, under the provisions of the above quoted statute, means that beginning one year after that date, i.e., May 1, 1964, interest on any unpaid principal balance should not exceed 8% per year. But, up until May 1, 1964, plaintiff could charge the 31/2% and 21^% monthly rates.
Plaintiff’s records, as set forth above, show that on May 1, 1964 the principal balance due was $195.24, on which interest, at 8% per year, would be $15.62. During the year May 1, 1964 through May 1, 1965, these records show that plaintiff collected interest totaling $21.46. Defendant argues this exceeds the $15.62 allowable. But, of course, the explanation is that almost all of the $10.85 interest collected on May 2, 1964 was incurred before May 1, 1964.
Likewise, during the succeeding year, i.e.,. May 1, 1965 to May 1, 1966, the plaintiff collected only the legal 8% per year interest. Actually, defendant makes no argument as to this period.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.